ADELE TALTAVALL *v.* BENJAMIN P. MARIGNY.

[45 South., 465.]

1. DECREES. *Parties. Conclusiveness. Those as to whom suit dismissed not bound. Chancery practice.*

A final decree of the chancery court cannot affect the interest of a defendant dismissed from the suit before its rendition.

2. SAME. *Res adjudicata. Husband and wife. Conveyance of homestead. Alimony.*

Where a wife sued her husband in equity for alimony, making the grantee in the separate deed of the husband to his homestead a defendant, and sought to subject the land to the payment of the sum demanded of the husband, a decree sustaining the grantee's demurrer to the bill and dismissing the suit as to him will preclude the wife from subjecting the land to any personal decree obtained in the suit against the husband.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

Marigny, appellee, was complainant in the court below; Mrs. Taltavall, appellant and another were defendants there. From a decree in complainant's favor Mrs. Taltavall appealed to the supreme court.

The appellant, Mrs. Taltavall, before the instituting of the present suit, filed a bill in chancery against her husband, Nicholas Taltavall, and the present appellee, seeking alimony from her husband, and to set aside a sale of land made by her husband to Marigny, claiming that it was the homestead of herself and husband when the sale was made and that she had not joined in the deed to it. Marigny's demurrer to the bill

was sustained and the suit dismissed as to him, but was thereafter prosecuted against her husband for alimony and terminated in a final decree in the wife's favor, fixing a lien on the land mentioned and appointing a commissioner to sell the same.

Marigny, learning that the commissioner had been appointed and was about to advertise the land for sale began this suit and therein enjoined Mrs. Taltavall and the commissioner from selling the land. On final hearing, the facts being as here stated, the court below granted the relief asked by Marigny, and perpetually enjoined the commissioner from selling the land.

*E. M. Barber,* for appellant.

It cannot be denied that the' conveyance of the homestead made by Mrs. Taltavall's husband alone, without her joinder or consent, to Marigny, was an absolute nullity. *McDonald* v. *Sanford,* 88 Miss., 633; 41 South., 369; *Bolen* v. *Lilly,* 85 Miss., 344; 37 South., 811; *Hubbard* v. *Land Improvement Co.,* 81 Miss., 616; 33 South., 413; *Gulf, etc., R. R. Co.* v. *Singleterry,* 78 Miss., 772; *Walton* v. *Walton,* 76 Miss., 662; 25 South., 166; *Scott* v. *Scott,* 73 Miss., 575; 19 South., 589; *McKenzie* v. *Shows,* 70 Miss., 388; 12 South., 336.

If the conveyance made by Mrs. Taltavall's husband, without her joinder therein, was an absolute nullity, could any decree of the court impart life to the conveyance? The answer is manifestly in the negative. .

If the appellee, Marigny, had thought that his rights were being trampled upon and his property confiscated without due process of law, should he not have appealed from the final decree in behalf of appellant in the suit wherein she was complainant?

It cannot be contended that the question was *res judicata* between Mrs. Taltavall and Marigny, after the court sustained his demurrer to her original bill and dismissed the suit as to him, because this court has held that a final judgment for de-

fendant rendered on sustaining a demurrer will not bar a subsequent suit between the same parties for the same cause. *Alabama, etc., Ry. Co.* v. *McCerrin,* 75 Miss., 687; *Jackson* v. *Lemler,* 83 Miss., 37.

No final judgment can be had in any case until the real matter in issue has been judicially ascertained and passed upon. 1 Freeman on Judgments, § 20.

*Harper & Harper,* for appellee.

It is well settled that if the Constitution prohibits the state from depriving any person of his life, liberty or property without due process of law, that provision inhibits the legislative department, the executive department, or the judicial department from depriving a person of his property without due process of law. *Donovan* v. *Vicksburg,* 29 Miss., 249; State Constitution, sec. 14.

If Mrs. Taltavall, as complainant, had amended her original bill, after Marigny's demurrer thereto was sustained, and stated a different case and made Marigny a party by proper process, after the original bill had been dismissed as to him, the situation would be different. But, inasmuch as she failed to amend her bill in any respect and failed to retain Marigny in court by further process of any kind, the final decree in her suit for alimony subjecting the land for sale was invalid as against Marigny. *Scott* v. *McNeal,* 154 U. S., 43; *Gould* v. *Evansville, etc., R. R. Co.,* 91 U. S., 526; *Aurora* v. *West,* 74 U. S., 82; *Goodrich* v. *Chicago,* 72 U. S., 647; *Case* v. *New Orleans, etc., R. R. Co.,* 101 U. S., 693.

*W. R. Harper,* on the same side.

As Mrs. Taltavall did not appeal from the original decree dismissing her suit as to Marigny, she is forever estopped from further proceeding against him to set aside the conveyance to the land in question. If the decree sustaining the demurrer was erroneous, her only remedy was by appeal. It was worse than

erroneous in the very same proceeding — it was a void proceeding — to grant a lien on the property after the suit had been dismissed as to Marigny, he being shown by the bill to hold the legal title. Such a decree could only have resulted from oversight on the part of the learned chancellor.

CALHOON, J., delivered the opinion of the court.

Adele Taltavall about three years ago filed a bill in equity, making her husband and the appellee parties, in which she sought a decree for alimony, and, further, that certain land held by appellee be subjected to a lien for the alimony, and also averring in that bill that the land held and claimed by Marigny was a part of the homestead, and she had not joined in the conveyance to him, and so his title was void. To this bill the appellee, Marigny, demurred, and his demurrer was sustained, and the bill dismissed as to him, with costs. Mrs. Taltavall proceeded with her original bill, and got a decree fixing a lien on the property held by Marigny, and ordered its sale. There was no notice, actual or constructive, to Marigny, unless we can hold that he remained a party defendant to the original suit, although his demurrer had been sustained, and the bill dismissed as to him, and amendment not asked. This we cannot do. He was out, and never brought in again by any notice.

The suit now before us is on a bill filed by Marigny for injunction restraining the sale of the land, and the court below rendered a decree enjoining that sale, and that decree must be affirmed.

*Affirmed.*